IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41474
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

FEDERICO GUZMAN, also known as Jesus Garcia-Perez, also known as
  Jesus Garcia-Garcia, also known as Juaquin (Joaquin) Alvarez-
   Perez, also known as Federico Guzman, also known as Federico
Garcia-Guzman, also known as Ernesto Rivera-Garcia, also known as
Federico Guzman Garcia, also known as Ernesto Rivera Garcia, also
 known as Jose Garcia Perez, also known as Joaquin Alvarez Perez,
           also known as Federico Garcia Guzman,

                                        Defendant-Appellant.

                  --------------------
         Appeal from the United States District Court
            for the Southern District of Texas
                 USDC No. B-00-CR-115-1
                  --------------------
                   January 6, 2003

Before BARKSDALE, DEMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Federico Guzman was convicted of making a false statement to
an immigration officer.  He now appeals the district court's
revocation of the supervised release imposed as a result of that
conviction, arguing that there was insufficient evidence to support
a finding that he violated 8 U.S.C. § 1324 by attempting to

---

     [*] **Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.**

transport aliens.

The district court's finding that Guzman attempted to transport aliens is supported by at least a preponderance of the evidence when that evidence is viewed in a light most favorable to the Government; therefore, the district court did not abuse its discretion in revoking Guzman's supervised release.  See United States v. Grandlund, 71 F.3d 507, 509 n.2 (5th Cir. 1995) (applying preponderance of the evidence standard), clarified by, United States v. Grandlund, 77 F.3d 811 (5th Cir. 1996); United States v. Alaniz-Alaniz, 38 F.3d 788, 792 (5th Cir. 1994) (on review of a challenge to the sufficiency of the evidence, the evidence is viewed in a light most favorable to the Government).

AFFIRMED.